UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 12-1 |
| GERARD J. HOWARD ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court are motions to quash subpoenas for testimony at an evidentiary hearing. For the reasons that follow, the Court GRANTS the motions in part and DENIES them in part.

Background

On November 8, 2013, defendant Telly Hankton moved for sanctions and requested an evidentiary hearing, contending that FBI agents violated the secrecy mandate of Rule 6(e) of the Federal Rules of Criminal Procedure by meeting with news reporters on October 10, 2012, approximately one week before the return of the second superseding indictment in this case and just three days before the publication of an article predicting the indictment and its contents. Then, on February 3, 2014, Telly Hankton moved to dismiss the indictment and sought an evidentiary hearing all for the same reasons. On February 5, 2014, the Court granted Telly Hankton's request for oral argument on his motions for sanctions and to dismiss the indictment and set a hearing date for March 27, 2014. The Court's order provided that presentation of argument and evidence would be allowed at the hearing.

1

Andre Hankton joined in the motion to dismiss the indictment, and both Andre Hankton and Telly Hankton requested the issuance of subpoenas for testimony at the hearing to the newspaper reporters, John Simerman and Gordon Russell, to FBI special agents R. D. Hardgrave and Keith Burriss, and to former FBI Special Agent-in-Charge Todd Cox. Mr. Simerman, Mr. Russell, their former employer The Times Picayune, and the Government now move to quash the subpoenas.

## Law and Application

Rule 17(b) of the Federal Rules of Criminal Procedure provides in part:

> Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense.

In accordance with Rule 17(b), defendants requested the issuance of five subpoenas for testimony at the March 27th hearing, and the Court granted those requests.[1]

A motion to quash is governed by the same rules governing the issuance of a subpoena under Rule 17(b). <u>United States v. Pitts</u>, 569 F.2d 343, 349 n.10 (5th Cir. 1978). "The decision to grant or deny a Rule 17(b) motion is vested in the sound discretion of the

---

[1] The movants originally argued that the subpoenas requested by Telly Hankton should be quashed because they were improperly issued under Rule 17(d); however, the Court has since granted Telly Hankton's request that his subpoenas be reissued under Rule 17(b).

2

trial court." <u>United States v. Bowman</u>, 636 F.2d 1003, 1013 (5th Cir. 1981). However, the breadth of the court's discretion is narrowed by the defendant's Fifth and Sixth Amendment rights. <u>Welsh v. United States</u>, 404 F.2d 414, 417 (5th Cir. 1968). As a threshold requirement, the defendant must allege facts that, if true, demonstrate the necessity of the subpoenaed witnesses' testimony. <u>United States v. Ramirez</u>, 765 F.2d 438, 441 (5th Cir. 1985). "Necessity" has been defined as anything "relevant, material, and useful to an adequate defense." <u>United States v. Barker</u>, 553 F.2d 1013, 1020 (6th Cir. 1977). Once the defendant shows necessity, the Court may deny or quash the subpoenas only if the Government shows that the defendant's averments are untrue or that the request is otherwise frivolous. <u>Ramirez</u>, 765 F.2d at 441. "That test places the burden of showing frivolity or abuse of process on the Government, where it properly belongs." <u>Welsh</u>, 404 F.2d at 417-18.

The movants contend that the subpoenas should be quashed because defendants fail to demonstrate that the requested testimony is necessary. Defendants, however, assert that they need both the agents' and the reporters' testimony to prove their alleged Rule 6(e) secrecy violations. The Court agrees. Because defendants seek to prove that the agents violated grand jury secrecy during their October 10th meeting with the newspaper reporters, testimony from both the agents and the reporters would be relevant, material,

3

and useful to an adequate defense. <u>Barker</u>, 553 F.2d at 1020.

This is true even though Agents Hardgrave and Burriss have executed affidavits denying any improper disclosures. The agents admit that they disclosed certain information at the October 10th meeting, and although they deny being the source of other disclosures, only Mr. Simerman, the author of the October 13th article, can confirm the identity of his sources.[2] Neither Mr. Simerman nor Mr. Russell, who also attended the October 10th meeting, or former Special Agent Cox have yet to be on the record in this case.[3]

---

[2] Mr. Simerman and Mr. Russell maintain that their testimony will be strictly cumulative, but the Court disagrees. <u>See</u> <u>United States v. Romano</u>, 482 F.2d 1183, 1195 (5th Cir. 1973)("District courts have the discretion to prevent the abuse of Rule 17(b) by refusing to subpoena witnesses whose testimony would be cumulative only."). The reporters' testimony will not be cumulative, because they may or may not contradict the agents' testimony regarding defendants' allegations that the agents disclosed grand jury information.

[3] The Court recognizes the newspaper reporters' rights to certain First Amendment protections. In <u>Branzburg v. Hayes</u>, 408 U.S. 665, 706-09 (1972), the Supreme Court mandated that harassment of newsmen will not be tolerated. In his concurrence, Justice Powell explained that "if the newsman is called upon to give information bearing only a remote and tenuous relationship to the subject of the investigation . . . he will have access to the court on a motion to quash." <u>Id.</u> at 710. Where, as here, a criminal defendant seeks a subpoena for news gathering information, courts have required a heightened burden on the defendant to prove that the information requested is highly relevant, necessary to the proper presentation of the case, and unavailable from other sources. <u>See, e.g.</u>, <u>United States v. Cutler</u>, 6 F.3d 67, 71 (2d. Cir. 1993); <u>United States v. Caproale</u>, 806 F.2d 1487, 1504 (11th Cir. 1986); <u>United States v. Cuthbertson</u>, 630 F.2d 139, 146 (3d Cir. 1980). Mr. Simerman's and Mr. Russell's First Amendment rights provide additional support for the Court's decision to grant

Defendants have alleged facts sufficient, if true, to satisfy the necessity of the subpoenaed witness' testimony. Ramirez, 765 F.2d at 441. The Government, on the other hand, has not shown that defendants' allegations are untrue, or that the subpoenas are frivolous. Id. The Government concedes that Agents Hardgrave and Burriss met with Mr. Simerman and Mr. Russell just days before the publication of the article in which the return of the indictment and its contents were predicted. The Government also concedes that the agents provided the reporters with certain information that appeared in the article and the accompanying chart. The Government even admits that a copy of the October 13th article was present in the grand jury room during deliberations. To the extent that the subpoenas require testimony related to the October 10th meeting and the October 13th article, they are not at all frivolous or an abuse of process. Nor can they, on the present record, be characterized as innocent or lawful.

However, the Government correctly points out that the subpoenas are quite broad. Defendants also seek testimony concerning other cases investigated by the FBI and other articles written by different reporters. That sort of widespread effort is improper. Defendants fail to show how testimony regarding other investigations and other articles is necessary to show that Agents Hardgrave and Burriss disclosed grand jury material to reporters at

---

and narrow the scope of the motions to quash.

the October 10th meeting. It is the paradigm of false theatre, and seems wholly irrelevant.

Accordingly, the motions to quash are GRANTED in part and DENIED in part. Testimony at the hearing, whenever it is conducted,[4] must directly relate to and be limited to the October 10, 2012 meeting and the October 13, 2012 Times Picayune article.[5]

---

[4] The March 27th hearing date has been continued due to Agent Hardgrave's medical issue.

[5] Although the Court has now repeatedly ordered testimony on defendants' motions for sanctions and to dismiss the indictment, the Government maintains that an evidentiary hearing is not warranted. The Government contends that under In re Grand Jury Investigation (Lance), 610 F.2d 202, 219 (5th Cir. 1980), a defendant must make a prima facie showing of a Rule 6(e) violation before he is entitled to an evidentiary hearing, but that the defendants have failed to do so here. The Court has considered the Government's position and disagrees. Defendants have made a sufficient prima facie showing that the October 13th article might have disclosed secret grand jury information, and that the article infers that the FBI agents were the source. Id. at 216-17. The Court presumes that all statements in the October 13th article were correct, and has considered the extent to which the relief requested by defendants will interfere with the grand jury process (civil contempt was a point of distinction in Lance as opposed to dismissal of the indictment). Id. at 219. The Court has also considered the evidence presented by the Government, including the affidavits from Agents Burriss and Hardgrave. Id. at 220. After examining all of the materials presented, the Court is persuaded that defendants have made a prima facie showing of a Rule 6(e) violation sufficient to warrant the evidentiary hearing, even though the record in this case is not as compelling as in Lance, in which the DOJ and U.S. Attorney's Office refused to submit affidavits denying that they or their staff had discussed grand jury matters with the press.

New Orleans, Louisiana, March 26, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE