```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                           CRIMINAL ACTION

v.                                                 NO. 12-01

ANDRE HANKTON                                      SECTION "F"
```

## ORDER AND REASONS

Before the Court is Andre Hankton's motion to dismiss Counts 3, 7, 8, and 9 of the indictment. For the following reasons, the motion is DENIED.

### Background

On June 19, 2014, a federal grand jury returned a 24-count third superseding indictment, charging 13 defendants with violations of federal criminal laws. The specific charges were listed by the Court in its Order and Reasons issued earlier this week on November 2, 2015.[1] Count 1 of the indictment charges ten defendants with participating in a RICO conspiracy concentrated in the Central City neighborhood of New Orleans. Count 2 charges nine of the defendants with participating in a conspiracy to engage in a large-scale drug trafficking operation. The numerous substantive counts that follow charge members and non-members of the RICO and drug conspiracies with obstructing justice, possessing firearms, multiple counts of murder, and other violent and non-violent

---

[1] There, the Court denied nine motions to sever that were tentatively set for hearing on November 6, 2015. This motion is also scheduled for hearing on November 6, 2015. Oral argument has not been requested for this motion and will not be held.

1

crimes. This motion involves only one defendant, Andre Hankton.

Andre Hankton is charged in Counts 3, 7, 8, and 9 of the indictment. Count 3 charges that he was a member of a conspiracy to possess firearms in furtherance of the RICO and drug conspiracies. He is specifically accused of possessing a short-barreled shotgun in Count 9. Andre is also charged alongside Telly Hankton in Counts 7 and 8 for the murder of Darnell Stewart. Specifically, Count 7 charges him with murder in aid of racketeering and Count 8 charges him with causing death through the use of a firearm in furtherance of the RICO and drug consiracies. Important to his contentions, he is not named as a member of the RICO and drug conspiracies in Counts 1 and 2.

Andre Hankton contends that the indictment does not provide him with fair notice of the charges against him. He claims that Count 3 is inconsistent because it charges him with conspiring to possess firearms in furtherance of the RICO and drug conspiracies even though it is correct that he is not named as a member of the underlying conspiracies. Similarly, he submits that he cannot be charged with committing murder in furtherance of the RICO and drug conspiracies in Counts 7 and 8 without also being charged as a member of those conspiracies. Finally, he contends that the charge for possessing a short-barreled shotgun in Count 9 is improperly

2

joined because it is wholly unrelated to the RICO conspiracy.[2]

I.

The Sixth Amendment of the U.S. Constitution provides, in part, that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." U.S. CONST. amend. VI. This guarantee is implemented by Rule 7 of the Federal Rules of Criminal Procedure[3] and by case literature. The U.S. Court of Appeals for the Fifth Circuit instructs that:

> An indictment is legally sufficient if (1) each count contains the essential elements of the crime charged, (2) the elements are described with particularity, and (3) the indictment is specific enough to protect the defendant against a subsequent prosecution for the same offense.

United States v. Cooper, 714 F.3d 873, 877 (5th Cir. 2013) (internal quotations and citation omitted), cert. denied, 134 S.Ct. 313 (2013).[4] Although each element of the charged offense must be

---

[2] The Court denied Andre Hankton's motion to sever for improper joinder in its Order and Reasons dated November 2, 2015. It does not reconsider this claim here.

[3] Rule 7(c)(1) provides that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government...."

[4] Stated differently, see also United States v. Cavalier, 17 F.3d 90, 92 (5th Cir. 1994)(citing United States v. Arlen, 947 F.2d 139, 144 (5th Cir. 1991), cert. denied, 503 U.S. 939 (1992)): "An indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him,

alleged, "the law does not compel a ritual of words"; the sufficiency of an indictment "depends on practical, not technical, considerations." United States v. Ratcliff, 488 F.3d 639, 643 (5th Cir. 2007)(citation omitted).

II.

The singular focus of the present motion is that the indictment is insufficient because it is unclear whether he must defend himself against the RICO and drug conspiracy charges in Counts 1 and 2 even though he is not named in those counts. Not only does this motion ignore the legal standard to test the sufficiency of an indictment, this unfounded conclusion is based entirely on a faulty premise: that a defendant cannot be charged with committing a crime in furtherance of a RICO conspiracy without also being charged as a member of the conspiracy. The Fifth Circuit is clear: "If an indictment charges RICO violations, offenses committed as part of the pattern of racketeering activity are properly joined even if the defendant objecting is not named in the RICO count." United States v. Krout, 66 F.3d 1420, 1429 (5 Cir. 1995). The elements of the crimes alleged against Andre Hankton are plainly described in the indictment.

Andre Hankton's motion to dismiss Counts 3, 7, 8, and 9 of the indictment is DENIED.

---

and insures that there is no risk of future prosecution for the same offense."

4

New Orleans, Louisiana, November 5, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE